Hall, J.
The question submitted to the Court, is whether the plaintiff ought to be allowed the costs of the atten *288 dance of the witnesses by him summoned to support the truths of the report, made by the justices and freeholders; or in other words, whether that report was so conclusive within itself, as that it could not be controverted. If that was the character of the report, of course, it was unnecessary for the plaintiffs to summon witnesses, and they ought to be paid by himself. But I think the report is not entitled to so much credit, nor do I think there ought to be a trial de novo. It should be considered so conclusive as to establish a demand, and put the defendant to impeach it and shew that it was improperly made. It should be considered as only prima facie evidence of a demand. If it were considered as conclusive evidence of a demand, the defendant would be deprived of his property without the semblance of a trial by jury. It is true, if the party fails to pay the damages, the remedy must be by suit or warrant. But what will that avail him, if he shall not be permitted to examine the report and shew it to be irregular or unjust? If the legislature had intended it to be conclusive, they might as well have directed the justice to have issued execution for the damages. But what seems conclusive, is, that the law points out no way by which the defendant could appeal. And to say that the report shall not be impeached, is to say that the parties shall be bound by the decision of the justice and freeholders without an opportunity of having a re-hearing before, a court and jury.
I think, for these reasons, the plaintiffs ought to recover the costs in question, and consequently that the defendant’s motion should be overruled.
Taylor, C. J.
The legislature have thought proper to confide a portion of judicial power to the magistrate and two freeholders, and their judgment, like that of any other tribunal must be conclusive while it remains in force. Tho’ notice is not directed by the act to be given to the defendant, yet it was done in the present case, and he had a full opportunity of cross-examining the witnesses, and adducing *289 any testimony on his own behalf; and if after all, manifest injustice had been done to him, he could have put the case in a course of revision in a superior tribunal. This Court is not at liberty to enter into an examination of the justice or injustice of the decision, unless it comes before them in a regular way. They will take care that the persons who act do not exceed the jurisdiction entrusted to them, but while they keep within that, their determination is binding upon the parties to it. On the legislative policy of erecting particular tribunals, there may exist a variety of opinions, and if called upon to declare our own, we should not hesitate, to ex press a wish that the present law particularly might undergo a revision, since it derogates so much from the common law mode of proceeding, that the powers exercised under it, may have the most injurious operation. But as it is a law, we are bound by it, and a majority of the Court are of opinion that the plaintiff ought to pay for the witnesses summoned by him, for the purpose of supporting the certificate of the magistrate and the two freeholders.